1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ADRIAN FRANK ANDRADE,                    Civ. No.  S-09-2270 KJM TJB

12              Plaintiff,

13        v.                                    ORDER

14   MATTHEW CATE,

15              Defendant.

16

17           Adrian Frank Andrade has filed a motion for relief from judgment, FED. R. CIV. P.

18   60(b)(6), alleging that the lawyers who represented him in connection with his petition for a writ

19   of habeas corpus abandoned him.

20   I.  BACKGROUND

21           On August 17, 2009, Attorneys Kenny Giffard and Donald Masuda from the Law

22   Office of Donald Masuda filed a petition for a writ of habeas corpus on petitioner's behalf,

23   challenging petitioner's Sacramento County Superior Court convictions for murder and robbery.

24   The petition raised five grounds:  (1) the trial court erred in admitting statements the decedent

25   made shortly before he was killed because the statements did not qualify under the state of mind

26   exception to the hearsay rule and were not relevant; (2) the trial court's refusal to allow petitioner

27   to present an expert witness deprived petitioner of his right to present a meritorious defense;

28   (3) the trial court erred in refusing to grant a continuance to permit petitioner to interview the

                                           1

1  jurors on the question of potential juror misconduct; (4) the prosecutor engaged in misconduct

2  during closing argument; and (5) the evidence was insufficient to sustain the convictions because

3  the accomplice's testimony was not sufficiently corroborated.  ECF No. 1.

4          On April 23, 2010, respondent filed an answer, addressing the first four claims in

5  the petition.  ECF No. 11.

6          On July 6, 2010, Giffard and Masuda filed a reply, arguing that the court had erred

7  in admitting the victim's hearsay statements under the state-of-mind exception to the hearsay rule;

8  the prosecutor had committed misconduct because he argued as though these statements had been

9  admitted for their truth; the trial court violated petitioner's right to present a defense when it

10  excluded his expert witness and when it denied his request for a continuance to enable him to

11  explore potential juror misconduct.   Counsel did not address the petition's attack on evidentiary

12  sufficiency.

13          On March 8, 2011, the magistrate judge filed findings and recommendations,

14  addressing the petition's first four issues and recommending that the petition be denied.  ECF

15  No. 19.  Counsel did not file objections to these findings and recommendations.

16          On January 12, 2012, this court adopted the findings and recommendations in full

17  and denied the petition; judgment was entered on that day.  ECF Nos. 20, 21.

18          Petitioner filed the instant motion on August 13, 2013.  ECF No. 22.  He alleges

19  his parents retained Masuda to represent petitioner in these habeas proceedings and Masuda

20  promised to inform petitioner of all progress on the writ and respond to petitioner's inquiries.

21  Nevertheless, neither Masuda nor Giffard sent petitioner copies of the documents filed in this

22  case[1] or notified him when the petition was denied.  ECF No. 22 at 1-2.  Even though he sent

23  thirteen letters to Masuda, ECF No. 15 at 13 ¶ 7 & 44-48 (mail log), he received only one real

24  response:  on September 15, 2011, petitioner received Masuda's letter saying they were waiting

25  for a response from this court.  *Id*. at 14 ¶ 9.

26  /////

27

28          [1] It appears that petitioner signed the petition.  ECF No. 1 at 16.  He avers that Masuda
sent him only the single page to sign.  ECF No. 15 at 13 ¶ 6.

1   Petitioner avers that in May 2013 he asked his mother to ascertain from Masuda

2   what was happening with the petition because Masuda never responded to petitioner's letters.  *Id.*

3   at 15 ¶ 13.

4   Petitioner wrote to the court on June 10, 2013, asking for the status of his writ

5   petition; he received a copy of the docket seven days later, showing that the writ had been denied

6   and judgment entered.  *Id.* at 15 ¶¶ 14.

7   Petitioner's mother wrote to Masuda on June 26, 2013, asking about the petition.

8   In response, Masuda sent petitioner a copy of the court's order denying the petition, the

9   magistrate judge's findings and recommendations, and copies of the briefs filed in the direct

10  appeal in state court Masuda had pursued before filing the instant petition.  *Id.* at 16 ¶ 17.

11  Since June 17, 2013, petitioner has undertaken research and assembled documents

12  to support this motion.  *Id.* at 16 ¶ 18.

13  II.  ANALYSIS

14  Rule 60(b) provides: "On motion and just terms, the court may relieve a party . . .

15  from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect;

16  (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or misconduct . . .; (4) the

17  judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other

18  reason that justifies relief."  A Rule 60(b) motion "must be made within a reasonable time."  FED.

19  R. CIV. P. 60(c)(1).

20  Under Rule 60(b)(6) a party may seek relief from a judgment or order for "any

21  other reason that justifies relief."  *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004).  This

22  section should be applied sparingly, to prevent "manifest injustice," *United States v. Washington*,

23  98 F.3d 1159, 1163 (9th Cir. 1996), and should be used "'only where extraordinary circumstances

24  prevent a party from taking timely action to prevent or correct an erroneous judgment.'"

25  *Latshaw v. Trainer Wortham & Co, Inc*., 452 F.3d 1097, 1101 (9th Cir. 2006) (quoting *United

26  States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds* by *United

27  States v. Washington*, 593 F.3d 970 (9th Cir. 2010) (en banc)).  In addition, the court may

28  sua sponte reconsider a final order under Rule 60(b) and correct its own mistakes.  *Kingvision*

1   *Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351-52 (9th Cir. 1999); *Colmar v. Jackson*

2   *Band of Miwuk Indians*, No. CIV S-09-0742 DAD, 2011 WL 2456628, at *2 (E.D. Cal. Jun. 15,

3   2011).

4           In *Mackey v. Hoffman*, the Ninth Circuit held that "when a federal habeas

5   petitioner has been inexcusably and grossly neglected by his counsel in a manner amounting to

6   attorney abandonment in every meaningful sense that has jeopardized the petitioner's appellate

7   rights, a district court may grant relief pursuant to Rule 60(b)(6)." 682 F.3d 1247, 1253 (9th Cir.

8   2012).  Petitioner has presented evidence that Masuda and Giffard effectively abandoned him

9   after filing the traverse in this case:  they did not object to the magistrate judge's findings and

10  recommendations, seek a certificate of appealability, file a notice of appeal, or even notify

11  petitioner that the petition had been denied.  This is a sufficient basis for relief under Rule

12  60(b)(6).

13          In addition, although the petition contained five grounds for relief, respondent did

14  not address it nor did counsel raise it again in the traverse.  Neither the magistrate judge nor this

15  court considered the claim.  This omission also justifies relief under Rule 60(b)(6).

16          IT IS THEREFORE ORDERED that:

17          1.  The order issued January 18, 2012 (ECF No. 20) is vacated.

18          2.  The court declines to adopt the findings and recommendations issued March 8,

19  2011 (ECF No. 19).

20          3.  The Clerk of Court is directed to assign a new magistrate judge to this case in

21  light of the termination of Judge Bommer's recall status.  The case is referred to the new

22  magistrate judge for further proceedings.

23  DATED: September 24, 2013.

24

25  _____

26  UNITED STATES DISTRICT JUDGE

27

28