1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ADRIAN FRANK ANDRADE,                        No.  2:09-CV-02270 KJM AC P

12              Petitioner,

13        v.                                      ORDER

14   MATTHEW CATE,

15              Respondent.

16

17        Petitioner is a state prisoner proceeding with an application for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Currently pending before the court is petitioner's pro se motion to

19   amend filed on December 2, 2013.  ECF No. 30.  Respondent has not opposed the motion.

20   Before the court can address the motion, however, the procedural posture of this case must be

21   unraveled in light of petitioner's assertion that he fired his retained counsel of record, Donald

22   Masuda and Kenny Giffard, in 2013 notwithstanding the reply brief that they filed on petitioner's

23   behalf on February 12, 2014.  Compare ECF No. 33 with ECF No. 32.

24   I.   Procedural History

25        The instant federal habeas petition was filed on August 17, 2009 by retained counsel of

26   record.  ECF No. 1.  On March 8, 2011 Magistrate Judge Timothy Bommer issued Findings and

27   Recommendations that the petition be denied on the merits.  ECF No. 19.  No objections to the

28   Findings and Recommendations were filed, and District Judge Mueller entered an order adopting

1

1  them and denying the habeas corpus petition on January 18, 2013.  ECF No. 20.

2          Over a year and a half later, petitioner filed a pro se motion for relief from judgment

3  pursuant to Rule 60(b) of the Federal Rules of Civil Procedure based on retained counsel's

4  abandonment.  ECF No. 22.  On September 24, 2013 the court granted petitioner's motion for

5  relief from judgment and vacated the prior Findings and Recommendations as well as the final

6  order denying habeas relief.  ECF No. 24.  District Judge Mueller re-opened this case because

7  petitioner's retained habeas counsel had "effectively abandoned him" following the filing of the

8  traverse in this case.  See ECF No. 24 at 4.  Petitioner's counsel was faulted for having failed to

9  object to the findings and recommendations, to seek a certificate of appealability, to file a notice

10 of appeal, or even to notify petitioner himself about the decision denying his petition.  Id.

11         This case was reassigned to the undersigned magistrate judge on September 24, 2013.

12 ECF No. 25.  On October 29, 2013 respondent was ordered to file a supplemental answer

13 addressing the fifth claim for relief in petitioner's habeas corpus application and petitioner was

14 afforded sixty days thereafter to file a reply.  ECF No. 28.  Respondent filed a supplemental

15 answer on December 17, 2013.  And, in a surprising turn of events, retained counsel filed a

16 supplemental reply on February 12, 2014.  ECF No. 32.

17         Based on this tangled procedural history, it has become evident to the court that this

18 court's docket still reflects that petitioner is represented by retained counsel Donald Masuda and

19 Kenny Giffard despite petitioner's representations to the contrary.  See ECF No. 33.  Since no

20 notice of withdrawal was filed by counsel, they have continued to receive all court orders and

21 service copies of respondent's pleadings.  By separate order, the court will require retained

22 counsel Donald Masuda and Kenny Giffard to show cause why their ongoing representation of

23 petitioner is not burdened by a conflict of interest in light of this court's order of September 24,

24 2013 granting petitioner's pro se motion for relief from judgment based on abandonment by

25 counsel.  ECF No. 24.

26         In light of the issue concerning petitioner's ongoing representation by counsel, the court

27

28

1  will vacate petitioner's pro se motion to amend his § 2254 petition without prejudice.[1]  This court

2  will set a further briefing schedule, if necessary, upon determining the status of petitioner's

3  representation by counsel.

4           Therefore, IT IS HEREBY ORDERED that petitioner's motion to amend (ECF No. 30) is

5  vacated without prejudice to refiling once the status of counsel is resolved.

6  DATED: June 11, 2014

7

8  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] Petitioner is advised that the court has compared the five claims presented in the counseled § 2254 petition with the three claims that he seeks to add by amendment.  Compare ECF No. 1 with ECF No. 30.  It is clear to the court that these claims are already presented in the original counseled habeas petition.

3